I agree that the claim here is brought by one to recover benefits allegedly due him under the terms of his medical insurance plan, and is, therefore, controlled by 29 U.S.C. ___ § 1132(a)(1)(B) ___ [§ 502(a)(1)(B), ERISA]. Therefore, the claim is equitable in nature in the sense that the participant is seeking to enforce the terms of the plan rather than seeking damages for breach of the terms of the plan. Because that is so, I agree that the participant is not entitled to a trial by jury in this case.
In Ingersoll-Rand v. McClendon, 498 U.S. 133, 111 S.Ct. 478,112 L.Ed.2d 474 (1990), the Supreme Court of the United States, in a rare unanimous opinion, held that the remedies specifically enumerated in § 1132(a)(3) were not exclusive, and stated that the federal courts were free to fashion a remedy under that statute [§ 510, ERISA] where fraud had been alleged by a participant. Justice O'Connor, writing for the Court, said:
 "Not only is § 502(a) [§ 1132(a) ] the exclusive remedy for vindicating § 510-protected rights, there is no basis in § 502(a)'s language for limiting ERISA actions to only those which seek 'pension benefits.' It is clear that the relief requested here [compensatory and punitive damages for tortiously terminating a participant's employment] is well within the power of the federal courts to provide. . . ."
498 U.S. at ___, 111 S.Ct. at 486. State courts are equally free to fashion a remedy where a participant does not seek benefits due him under the terms of his plan, but instead seeks damages for fraud or other tortious conduct by the administrator of a plan. ___ Section ___ 1132(a)(1)(B), ___ like § 1132(a)(3), is not exhaustive in remedies that are available to a defrauded participant in an ERISA plan, and state courts, like federal courts, are free to entertain such suits where the participant is able to state ___ a ___ claim cognizable under § 1132(a)(1)(B) that entitles him to damages.
The civil enforcement section of ERISA provides:
" § 1132. Civil Enforcement [§ 502]
"(a) Persons empowered to bring a civil action
"A civil action may be brought —
"(1) by a participant or beneficiary
 "(A) for the relief provided for in subsection (c) of this section, or
 "(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, *Page 908 
or to clarify his rights to future benefits under the terms of the plan;
 "(2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;
 "(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan; . . ."
Section 1132(e) provides as follows:
"(e) Jurisdiction
 "(1) Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section."
Thus, the person seeking "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan" under § 1132(a)(1)(B), may bring his suit in the federal district court or in the state court of competent jurisdiction. The plaintiffs in this case chose a state court in which to pursue their claim.
I do not agree, as the majority states, that state court jurisdiction is limited to enforcement actions brought under § 1132(a)(1)(B). State courts, like federal courts under § 1132(a)(3), have jurisdiction to entertain legal actions brought under § 1132(a)(1)(B) if a participant pleads, and can prove, that he is entitled to damages under a cognizable legal claim. Such actions would be triable to a jury, if a jury is demanded.
I believe that the Congress, in enacting ERISA, was attempting to protect the retirement and related funds for the benefit of the beneficiaries of those funds. To permit state courts to entertain a lawsuit for damages against a tort-feasor merely because the tort arose out of, or somehow involves, an ERISA fund does not in any way interfere with, or diminish, the goals sought by the Congress.
If these observations seem more appropriately addressed to a preemption argument, perhaps they are. However, the Supreme Court in Ingersoll-Rand, having concluded that all state causes of action are preempted, did hold that similar causes of action may be stated under ERISA.
Finally, I disagree with the majority's assertion that this Court is bound in all cases to follow the Court of Appeals for the Eleventh Circuit. While this Court has relied on federal appellate court decisions, such as in Southern Ry. v. Roberts,380 So.2d 774 (Ala. 1980), wherein, writing for the majority, I relied on an interpretation by the Fifth Circuit Court of Appeals of the Federal Employers' Liability Act, 45 U.S.C. § 51
et seq., we are not bound to do so. This Court may rely on a decision of any federal court, but it is bound by the decisions of the United States Supreme Court, under Article VI of the United States Constitution.
For these reasons, I concur in the result.
HORNSBY, C.J., concurs.